UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENTSPLY SIRONA INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. _____ |
| | ) | |
| NET32, INC., | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

DENTSPLY SIRONA Inc. ("Plaintiff" o "Dentsply"), by counsel, complains against Net32, Inc. ("Net32" or "Defendant") as follows:

## NATURE OF THE ACTION

1. This is an action for contributory trademark infringement and unfair competition under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) and contributory unfair competition and false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and (c). Dentsply seeks preliminary and permanent injunctive relief, an accounting, statutory damages, compensatory damages, Defendant's profits, recovery of its costs and attorneys' fees, and all other relief authorized by the Lanham Act and common law.

## JURISDICTION AND VENUE

2. This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(b), and 1367. This

Court also has jurisdiction pursuant to 28 U.S.C. § 1332 as there is diversity between the parties and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1391(b).  Defendant conducts business in this District, and a substantial part of the events giving rise to this action occurred in this District.

## THE PARTIES

4.  Plaintiff is a corporation organized and existing under the laws of Delaware having offices at 221 West Philadelphia Street, York, Pennsylvania, 17401.  It is the owner of numerous U.S. trademark registrations related to dental products.

5.  Defendant is a North Carolina corporation that does business as Net32, Inc. and has offices at 250 Towne Village Drive, Cary, North Carolina, 27513.

## SUBSTANTIVE ALLEGATIONS

6.  Plaintiff produces, markets, and sells a line of dental products (collectively "Dentsply Products") to retailers and distributors in the United States under various trademarks, including the DENTSPLY® mark, which has been registered as a trademark with the United States Patent and Trademark Office since 1904.

7. Plaintiff owns the following US trademark registrations: DENTSPLY®, SIRONA®, DYCAL®, ESTHET.X®, ENHANCE®, IRM®, CAULK®, INTEGRITY®, PRIME & BOND®, and CAVITRON® (collectively "the DENTSPLY Marks"). The DENTSPLY Marks are all valid and in full force and effect. True and correct copies of the DENTSPLY Marks are attached as **Exhibit A**.

8. All of Plaintiff's dental products bear one of the DENTSPLY Marks.

9. Dentsply Products are intended to be sold exclusively by Dentsply and its authorized distributors.

10. Defendant operates an on-line marketplace, located at [www.net32.com](www.net32.com) (the "Website"), that connects customers to vendors offering discount dental supplies.

11. Many of the vendors who offer their products on the Website engage in gray market sales of Dentsply Products, including but not limited to, Megadental International, LLC, Tradent Supply and Dental Wholesale Direct. These and other vendors acquire Dentsply Products intended only for sale in foreign markets and re-sell those Dentsply Products within the United States through the Website. None of Net32's vendors are authorized distributors of Dentsply Products.

12. The Dentsply Products that Net32 vendors sell within the United States are materially different from the goods Dentsply and its authorized distributors sell within the United States.

13. The Net32 vendors' gray market sales of Dentsply Products through the Website began many years after Plaintiff began using the DENTSPLY Marks, after the DENTSPLY Marks had been registered with the United States Patent and Trade Office, and after the DENTSPLY Marks had achieved worldwide fame.

14. The gray market sales within the United States of Dentsply Products that are materially different from the Dentsply Products sold by Dentsply and its authorized distributors within the United States are likely to cause confusion among Dentsply's customers and prospective customers.

15. Among other things, the gray market Dentsply Products sold by vendors via Net32's website have defaced packaging, packaging that has foreign language labeling, packaging identifying the goods as not intended for sale within the United States, and are offered in sizes and quantities not offered for sale by Dentsply and its authorized dealers within the United States.

16. These actions have infringed and are infringing on Plaintiff's trademarks and inflicting irreparable harm to Plaintiff's goodwill.

17. Net32 and its vendors have used and may continue to use Plaintiff's marks with the deliberate intent to exploit the fame and goodwill that Plaintiff has

established in its DENTSPLY® brand and to dilute the distinctiveness of Plaintiff's marks.

18. Net32 and its vendors have used Plaintiff's distinctive stylized logo (the "DENTSPLY® Logo") on the Website without permission or license from Plaintiff.

19. On February 17, 2017, Plaintiff notified Net32 of specific Net32 vendors who were selling materially different gray market Dentsply Products through the Website and provided Net32 with photographs of the materially different products sold by those vendors. The gray market products identified by Plaintiff included material differences such as defaced packaging, products in foreign-language packaging, and products marked for sale only outside of the United States.

20. Plaintiff demanded that Net32 remove listings of infringing products from the Website, delist the vendors identified as selling infringing products from the Website, and put into place appropriate procedures for preventing and removing future listings of infringing products. A true and correct copy of Plaintiff's February 17, 2017 letter is attached as **Exhibit B**.

21. To date, Net32 has refused to remove listings of infringing Dentsply Products from the Website, even after receiving notice of infringing sales, has refused to delist vendors who infringe upon the DENTSPLY Marks, and has

refused to put into place appropriate mechanisms to prevent or remove future infringing listings.

## COUNT I – CONTRIBUTORY TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

22. Plaintiff repeats and reincorporates each and every allegation set forth in Paragraphs 1 through 21 above as if each were fully set forth herein.

23. Net32 and its vendors' gray market sales within the United States of materially different Dentsply Products are likely to cause confusion among Dentsply's customers and prospective customers.

24. Net32 and its vendors' unauthorized sale in the United States of materially different Dentsply Products constitutes a false designation of origin and a false description or representation that Defendant's sale of such products is authorized by Plaintiff.

25. Net32 encouraged and facilitated the infringing conduct by its vendors.

26. After being notified of specific vendors' infringing activity, Net32 failed to take action to halt the infringement occurring by virtue of the Website.

27. Net32 has continued to supply its services offered via the Website to specific infringing vendors even after it knew or had reason to know that those vendors were engaging in trademark infringement.

28. Net32's infringement of Plaintiff's registered marks is willful, intended to reap the benefit of the goodwill of Plaintiff, and violates Section 32 (1) of the Lanham Act, 15 U.S.C. § 1114(1).

29. Net32's conduct is causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation and will continue both to damage Plaintiff and to deceive the public unless enjoined by this Court.

30. Plaintiff has no adequate remedy at law.

### COUNT II – CONTRIBUTORY FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION, AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

31. Plaintiff repeats and reincorporates each and every allegation set forth in Paragraphs 1 through 30 above as if each were fully set forth herein.

32. The actions by Net32 and its vendors constitute false and misleading descriptions of fact, misrepresentations of fact, or designation of origin concerning the Dentsply Products and are likely to cause confusion or mistake as to Net32's affiliation, connection, or association with Dentsply or likely to cause confusion as to Dentsply's approval for Net32 or its vendors to sell Dentsply Products.

33. The actions by Net32 and its vendors in advertising and promoting the Dentsply Products misrepresents the nature, characteristics, qualities, and geographic origin of the Dentsply Products sold by Net32 and its vendors.

34. Net32 and its vendors are using the DENTSPLY Marks with full knowledge that those marks are associated exclusively with Plaintiff.

35. Net32 encouraged and facilitated the infringing conduct by its vendors.

36. After being notified of specific vendors' infringing activity, Net32 failed to take action to halt the infringement occurring by virtue of the Website.

37. Net32 has continued to supply its services offered via the Website to specific infringing vendors even after it knew or had reason to know that those vendors were engaging in trademark infringement.

38. Net32's acts of unfair competition are willful and deliberate and with the intent to reap the benefit of the goodwill and reputation associated with Plaintiff.

39. Net32's conduct is causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation and will continue both to damage Plaintiff and to deceive the public unless enjoined by this Court.

40. Plaintiff has no adequate remedy at law.

## COUNT III – CONTRIBUTORY TRADEMARK DILUTION
### (15 U.S.C. § 1125(c))

41. Plaintiff repeats and reincorporates each and every allegation set forth in Paragraphs 1 through 40 above as if each were fully set forth herein.

42. The DENTSPLY Marks are famous and well known throughout the United States.

43. Net32 and its vendors' commercial use of Plaintiff's marks as described above has diluted and continues to dilute the distinctive quality of Plaintiff's famous marks by lessening their capacity to identify and distinguish Plaintiff exclusively as the source of goods bearing or provided under the mark.

44. Net32 and its vendors' conduct is in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

45. Net32 encouraged and facilitated the infringing conduct by its vendors.

46. After being notified of specific vendors' infringing activity, Net32 failed to take action to halt the infringement occurring by virtue of the Website.

47. Net32 has continued to supply its services offered via the Website to specific infringing vendors even after it knew or had reason to know that those vendors were engaging in trademark infringement.

48. Net32's conduct is causing immediate and irreparable injury to Plaintiff and its goodwill and reputation and will continue to damage Plaintiff unless enjoined by this Court.

49. Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

For the reasons stated above, Plaintiff seeks judgment as follows:

1. Enjoining Net32, Inc. and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendant and all those in active concert and participation with Defendant and each of them who receives notice directly or otherwise of such injunction from:

   a. permitting, allowing or otherwise contributing to the sale of infringing, materially different gray market Dentsply products on its website, www.net32.com;

   b. imitating, copying, or making unauthorized use of the DENTSPLY® mark, DENTSPLY® Logo, and the DENTSPLY Marks;

   c. unless authorized in writing by Plaintiff, importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any product bearing any of the DENTSPLY Marks or using the DENTSPLY® Logo;

   d. using any simulation, reproduction, counterfeit, copy, or colorable imitation of the DENTSPLY Marks in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any product;

e. using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or the public to believe that any infringing product manufactured, distributed, or sold by Defendant is in any manner associated or connected with Plaintiff, or is sold, manufactured, licensed, sponsored, approved, or authorized by Plaintiff;

f. engaging in any other activity constituting unfair competition with Plaintiff, or constituting infringement of the DENTSPLY Marks;

g. taking any action, including through the use of the DENTSPLY Marks or any simulation, reproduction, copy, or colorable imitation thereof, that dilutes the unique association between the DENTSPLY Marks and Plaintiff, or that tarnishes the reputation or image of Plaintiff;

h. transferring, consigning, selling, shipping, or otherwise moving any goods, packaging, or other materials in Defendant's possession, custody, or control bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the DENTSPLY Marks;

i. disposing of, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records (including computer records) of any kind, including invoices,

    correspondence, books of account, receipts, or other documentation relating to or referring in any manner to the manufacture, advertising, receipt, acquisition, importation, purchase, sale, offer for sale, or distribution of any merchandise bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the DENTSPLY Marks; and,

 j. instructing, assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (j) above.

2. Directing that Defendant remove any and all listings from the Website offering for sale Dentsply Products that infringe upon Defendant's trademarks, copyrights and patents.

3. Directing that Defendant make available to Plaintiff for review, inspection, and copying all books, records (including but not limited to all hard drives on computers used for business purposes, including but not limited to servers, as well as all computer disks and back-up media) and all other documents concerning all transactions relating to the purchase, sale, or unauthorized use of products or packaging incorporating the DENTSPLY Marks and provide Plaintiff the names, addresses, and all other contact

information in its possession for the source(s) of such products and packaging, including all manufacturers, distributors, and suppliers.

4. Directing that Defendant recall from distributors, retailers, and all other recipients any and all products and packaging sold or distributed by Defendant under or in connection with the DENTSPLY Marks and, upon recall, to deliver such goods to Plaintiff.

5. Directing that Defendant cancel any advertising, regardless of the medium, using the DENTSPLY Marks.

6. Directing that Defendant deliver to Plaintiff's counsel for destruction at Defendant's costs all signs, promotional materials, advertising material, catalogs, and any other item that bears, contains, or incorporates the DENTSPLY Marks.

7. Requiring Defendant to account for and pay over to Plaintiff three times the profits realized by Defendant from its infringement of Plaintiff's marks and its unfair competition with Plaintiff.

8. Awarding Plaintiff its actual damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Defendant's acts of willful unfair competition and trademark dilution.

9. Awarding Plaintiff damages in an amount to be determined at trial for Defendant's common law unfair competition.

10. Awarding to Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

11. Awarding Plaintiff its costs in this action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a).

12. Awarding Plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

13. Directing such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods or services offered, advertised, or promoted by or on behalf of Defendant are authorized by Plaintiff.

14. Directing that Defendant file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the above.

15. Awarding Plaintiff any other relief that the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury as to all issues so triable.

McNEES WALLACE & NURICK LLC

By /s/ Carol Steinour Young
    Carol Steinour Young
    I.D. No. 55969
    csteinour@mcneeslaw.com
    McNees Wallace & Nurick LLC
    100 Pine Street, P.O. Box 1166
    Harrisburg, PA  17108-1166
    (717) 232-8000

Dated:  August 25, 2017

*Counsel for Plaintiff,*
*DENTSPLY SIRONA Inc.*